IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT    CHARLESTON

BRUCE BIRD, individually, and
by his power of attorney, TERESA
BIRD,

  Plaintiff,

vs.          Civil Action No. 2:17-cv-01232

BRIAN YOUNG, individually, SCOTT
BASS, individually,

  Defendants.

## COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, the Fourth Amendment to the United States Constitution, arises out of the Defendants' use of excessive force on the Plaintiff on or about February 13, 2015 near the town of Big Otter, Clay County, West Virginia, within the Southern District of West Virginia.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1. The Plaintiff Teresa Bird is the duly appointed attorney-in-fact for her son, Bruce Bird, an inmate at Mount Olive Correctional Center, having been appointed by General Power of Attorney executed on December 3, 2016, and authorizing Teresa Bird to pursue claims and litigation in Bruce Bird's name, place and stead in any way in which he himself could do.  To the

1

extent that it is necessary for Bruce Bird to act individually in his own name, and not through his lawful power of attorney, he is also named a plaintiff in this action.

2. Defendant Brian Young was at all times relevant hereto a trooper with the West Virginia State Police and was at all times relevant hereto acting under the color of law, having an address of 5650 Big Otter Highway, P.O. Box 100, Ivydale, WV 25113.

3. Defendant. Scott Bass was at all times relevant hereto a trooper with the West Virginia State Police and was at all times relevant hereto acting under the color of law, having an address of 5650 Big Otter Highway, P.O. Box 100, Ivydale, WV 25113.

FACTS

4. On February 13, 2015, Bruce Bird (hereinafter "plaintiff") was arrested by the West Virginia State Police, along with his girlfriend, for robbing two West Virginia gas stations.

5. At the time of arrest, plaintiff was compliant. He was arrested without incident.

6. Plaintiff was taken to the West Virginia State Police detachment in Big Otter, Clay County, West Virginia, for interrogation.

7. Plaintiff was walked, handcuffed, into an interrogation room at the detachment in order to be questioned by the defendant state troopers, Young and Bass.

9. As plaintiff was escorted near the chair he was supposed to sit in, Trooper Bass, who was standing directly behind plaintiff, told the plaintiff, "you know what we want you to say . . . the first word that you say that we don't like, I'm cracking you in the ear."

10. Plaintiff was going to say, "I don't fucing know nothing." However, as he said the word "fucking," both defendant police officers began to use violent physical force against the plaintiff, and began beating him.

11. Both defendants were wearing black leather gloves. As they beat the plaintiff, he curled up into a ball, attempting to absorb the blows and protect his head and face.

12. The defendants were punching plaintiff with their fists, kicking him, stomping him. The officers struck him him mostly in the back of the head and the ribs.

13. As plaintiff was curled up on the ground, one of the defendants said, "how come you're not fighting back, pussy? You're supposed to be this big bad man everybody's scared of." Upon information and belief, the officers were mistaking plaintiff for his sibling, who apparently has a reputation for being a "tough guy."

14. Plaintiff responded, as he was curled up in a fetal position on the ground, "I'm not fighting you back."

15. The defendants continued to kick and hit the plaintiff. During this time, the plaintiff never fought back. He never assaulted the officers in any way - nor did he threaten to.

16. The plaintiff had his elbows up close to his head attempting to protect his head from injury. He said, "alright, alright, I'll do whatever you want me to do, just quit kicking me." Plaintiff further stated, "I think you done broke my ribs anyway." Defendant Young said, "No, I know when ribs break." That's when Defendant Young delivered one final blow which seriously injured the plaintiff.

17. As plaintiff was laying on the ground, on his side, Defendant Young, a large man compared to the plaintiff, jumped up in the air and came straight down with one knee directly onto the plaintiff's ribs on the left side of his body.

18. Plaintiff said, "alright, alright, I'll say whatever you want me to say." The defendants picked plaintiff up and put him back in the chair. They then turned the recorder on and began to take the plaintiff's statement.

19. The plaintiff was then transported by a different police officer to the jail.

20. At the jail, plaintiff was examined and questioned by a nurse and a correctional officer because he appeared to be suffering from rib pain. Plaintiff told the nurse and correctional officer that he had been beaten by the defendants.

21. Plaintiff laid down in a holding cell. He was suffering from rib pain and he could not breathe.

22. After about 24 hours, they took him into the pods. He was there for another 24 hours. Plaintiff told the other inmates about his rib pain and his trouble breathing. Another inmate called for medical to come get him. He could hardly move on his own.

23. The jail's medical unit immediately sent plaintiff to Braxton Community Hospital. He ended up falling unconscious on the floor. When they observed him pass out, they performed a CAT scan and performed other tests.

24. Hospital staff then started calling for multiple pints of blood and informed plaintiff that they called for the Health Net helicopter for emergency air transport to Charleston Area Medical Center.

25. Doctors informed plaintiff that his spleen was ruptured in the location where he received injury inflicted by the defendants. He was told that he was being rushed to a larger hospital for emergency surgery, and that he may not live another hour or so without it.

26.     Plaintiff told nurses, "if I die, I want you to write this down, it was state trooper Young and state Trooper Bass who did this to me, I want this out there so it doesn't happen to somebody else."

27.     At that point the plaintiff was so full of blood inside him that he was gurgling blood.

28.     On or about February 15, 2015, plaintiff was transported by emergency transfer to Charleston Area Medical Center, where he underwent an emergency splenectomy.  He was hospitalized until February 22, 2015.

## COUNT ONE - EXCESSIVE FORCE UNDER 42 U.S.C. 1983 IN VIOLATION OF THE FOURTEENTH AMENDMENT

29.     Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

30.     Defendants Young and Bass used excessive force against the plaintiff by beating him unnecessarily during their interrogation of the plaintiff at the Big Otter, West Virginia, state police detachment, as described above in detail.  The defendants punched and kicked the plaintiff while he was on the ground.  Defendant Young delivered a knee to the plaintiff's ribs for the sole purpose of harming the plaintiff.

31.     At the time the defendants attacked the plaintiff, there was no need for physical force to be used against the plaintiff.  Plaintiff was complying with all commands and was not a threat to anyone's safety.  The stated purpose of the attack, as told to the plaintiff before and during the beating, was to punish him for not truthfully confessing to his crimes.

32. Even if there was some legitimate need for force to be applied to the plaintiff, which there was not, the defendants used an excessive amount of force, as corroborated by the fact that plaintiff suffered severe trauma to his abdomen, sufficient to cause a large rupture of his spleen.

33. The physical use of force applied by the defendants against the plaintiff was not applied in a good faith effort to maintain and restore discipline, but rather was applied maliciously and sadistically for the purpose of causing harm.

34. The defendants' actions were objectively unreasonable, willful, wanton, intentional, malicious and done with a callous and reckless disregard for the plaintiff's clearly established Fourteenth Amendment right to be free from excessive force. Plaintiff was a pretrial detainee at the time the said force was applied.

35. Plaintiff suffered harm, including personal injuries, emotional distress, severe pain, and continues to suffer damages and is entitled to recover damages for the same.

## COUNT TWO - BYSTANDER LIABILITY

36. Plaintiffs incorporate by reference all the previous paragraphs.

37. In the event that any of the defendant officers, or other officers, observed, or had reason to know that a constitutional violation(s) was being committed against the plaintiffs on February 13, 2015, and possessed a realistic opportunity to intervene to prevent the harm from occurring to the plaintiffs, and chose not to act, the plaintiffs make a claim against them pursuant to 42 U.S.C. 1983 under Randall v. Prince George's County, Md., 302 F.3d 188 (4th Cir. 2002).

38. Although it was Defendant Young who delivered the knee strike to the plaintiff's ribs, Defendant Bass was present, observing, and possessed a realistic opportunity to intervene to

prevent the serious injuries received to the plaintiff as a result of the knee strike. He chose not to act and is liable to plaintiff for bystander liability under Section 1983 for Defendant Young's knee strike.

39. Plaintiff suffered harm, including personal injuries, emotional distress, severe pain, and continues to suffer damages and is entitled to recover damages for the same.

## COUNT THREE - DENIAL OF MEDICAL CARE UNDER

## 42 U.S.C. 1983

40. Plaintiff incorporates all allegations contained in previous paragraphs.

41. Plaintiff had a serious medical need following his being beaten by the defendants as described above in detail; namely for treatment of his injury to his ribs and left side abdomen.

42. The defendants were aware of the plaintiff's serious need for medical care and medications, since they had knowledge that they punched, kicked and kneed him in the ribs and that he was visibly injured, and complaining about rib pain, stating that his ribs were broken.

43. The defendants, with deliberate indifference, failed to provide the medical care, or direct that medical care be provided, within a reasonable amount of time.

44. As a direct and proximate result, the plaintiff was injured, including prolonged and unnecessary suffering without treatment and medication for his physical injuries.

45. During this time, the plaintiff was in the custody of the defendant officers and therefore was a pretrial detainee.

46. The defendants were acting under color of state law.

## PRAYER

WHEREFORE, based on the above stated facts, the plaintiffs respectfully requests that this Honorable Court award:

    1.    Damages against the defendants in an amount to be determined at trial which will fairly and reasonably compensate the plaintiffs for all compensatory damages to be proven at trial;

    2.    Punitive damages against the individual defendants in an amount to be determined at trial; and

    3.    Reasonable attorney fees and costs.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

                                          BRUCE BIRD, individually and by his
                                          power of attorney, TERESA BIRD,
                                          By Counsel

/s John H. Bryan                  
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEY AT LAW
611 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com